## William D. Seltzer, Trustee, Plff. in Err., v. Issachar Robbins.

A petition to obtain possession of lands purchased at sheriff's sale under the special act of May 13, 1871, applicable to Schuylkill county only, must aver the facts necessary to bring the case within that act. Unless it does so the court acquires no jurisdiction.

(Decided May 10, 1886.)

Error to the Common Pleas of Schuylkill County to review a judgment for defendant in an action brought to obtain possession of premises purchased at sheriff's sale. Affirmed.

The following petition was filed in the court below:

The petition of the undersigned, William D. Seltzer, trustee, respectfully represents that under and by virtue of a writ of levari facias issued out of the court of common pleas of Schuylkill county to 38 May Term, 1885, against Robert M. Neal at the suit of David Williams, your petitioner became the purchaser at sheriff's sale on the 2d day of May, A. D. 1885, of all that certain leasehold and one-story frame skating-rink building having a front of 42 feet on Lloyd street and a depth of 123½ feet northward thereto, and a width of 58 feet at said northern end of building, situate upon certain parts of lots on the northwest corner of Lloyd and Bower streets in the borough

of Shenandoah, Schuylkill county, and as found on the map or plan of said borough of Shenandoah; said lots or parts of lots being held by the said Robert M. Neal under a lease for the term of five years from Issachar Robbins at a specified rent therein reserved; and for the sole purpose of erecting thereon a skating rink; and which was taken in execution and sold as the property of Robert M. Neal aforesaid; and that a deed for the same was duly executed, acknowledged, and delivered to your petitioner by the said sheriff on the 1st day of June, A. D. 1885.

And your petitioner further represents that the person in possession of said property is the said Issachar Robbins; and the said Issachar Robbins has been continuously in the possession of the same prior to and since the issuing of said levari facias under which it was sold, and on July 14, A. D. 1885, the said Issachar Robbins was duly notified and required to surrender and deliver up unto your said petitioner the possession of the said property within the three months from the said date, a copy of which notice is hereunto annexed, and the service thereof is personally known to your deponent.

And your petitioner, averring that said Issachar Robbins has neglected and refused to surrender and deliver up possession of said premises, prays your honors that a rule may issue, directed to him, returnable at such time as your honors may deem meet, requiring him to show cause why delivery of the possession of said skating rink and tenements shall not be forthwith given to the petitioner; and he will ever pray, etc.

The rule having been granted according to the prayer of the petition, the defendant answered, and the court below delivered the following opinion, by GREEN, J.:

This is a proceeding under the act of May 15, 1871 (P. L. 820), to obtain possession of a certain leasehold estate in the borough of Shenandoah, having about five years to run, and on which a skating rink has been erected. It is objected that the act does not apply to leasehold estates, and that this proceeding will not lie. I find no decisions of the supreme court on this point, but it is claimed that the language of the act shows that it is inapplicable to leaseholders. The act of 1871, which is special, follows closely the act of June 16, 1836, P. L. 768,

which is general, and which in its turn follows closely the language of the original act of April 6, 1802, on this subject.

I have been unable to find any case showing that leasehold estates were ever considered as included within the remedial provisions of any of these acts. On the contrary I find an express decision of this court on this point in the case of Emanuel Baker v. William McAnnally, No. 86, December Term, 1878, where, in an opinion delivered by the president judge of this court, the petition for obtaining possession of a leasehold estate under the act of 1871 was dismissed, upon the ground that the act did not apply to leaseholds. Whatever doubts may arise on the subject it is better to follow precedent, and let the court of last resort decide the question, than be in conflict with ourselves.

And now, on December 7, 1885, petition is hereby dismissed.

The plaintiff brought error.

*James Ryon* and *Wm. D. Seltzer,* for plaintiff in error.—
The act of 1871, P. L. 820, § 1, provides that whenever any lands or tenements shall be sold within the county of Schuylkill, etc.

The words "lands or tenements" are broad enough to include a leasehold. 2 Bl. Com. 17.

The words "real estate" are a modern term and have no special technical meaning. The history of the origin of the term "real estate" is given in Bouvier's Dictionary under head of Real Property.

The term, it is said, did not come into general use as a means of designation, until after the feudal system had lost its hold, nor until even as late as the commencement of the seventeenth century. One of the earliest cases in which the courts applied the distinctive term of real and personal to estates, without any words of explanation, is said to have been that of Wind v. Jekyl, 1 P. Wms. 575; Williams, Real Prop. 6, 199.

2 Bl. Com. 285, defines leasehold estates to be "chattels real," being interests out of or annexed to real estates, of which they have one quality, *viz.:* immobility, which denominates them "real;" but want the other, *viz.:* a sufficient legal, indeterminate duration; and this want it is that constitutes them chattels.

In Titusville Novelty Iron Works' Appeal, 77 Pa. 103, this

court says: There is, however, a wide difference between chattels personal and chattels real. A lease of land during the term is as fixed as the land itself. It is therefore an estate in land.

See also Christie's Appeal, 85 Pa. 466.

An agreement to lease land for a term of years, with the exclusive right to bore for and collect oil, giving one-fourth to the lessor, held, to pass a corporeal interest. Chicago & A. Oil & Min. Co. v. United States Petroleum Co. 57 Pa. 83.

A lease, for three years, of the right to mine coal in the land of the lessor is a grant of an interest in the land, and not a mere license. Harlan v. Lehigh Coal & Nav. Co. 35 Pa. 287.

Ejectment will lie to recover the possession of a leasehold estate. Karns v. Tanner, 66 Pa. 308; Dark v. Johnston, 55 Pa. 170, 93 Am. Dec. 732; Adams, Ejectment, 60.

*M. M. L'Velle* and *James B. Reilly,* for defendant in error. —The act of May 13, 1871 (P. L. 820), which is a special act of assembly, applying to Schuylkill county only, and which provides a special and specific remedy, must be strictly followed and complied with. Givens v. Miller, 62 Pa. 133.

As the object of this act of 1871, like that of the general acts of 1836 and 1814 upon which it is founded, was simply to give the purchaser at a judicial sale a remedy to recover such possession only as the defendant in the execution had at the time of levy and sale, it necessarily follows that no judgment could be rendered in this proceeding in favor of the plaintiff here as against Robbins, for the reason that he was not the defendant in the execution, or in possession of the premises under such defendant, as whose property the same was sold.

Section 2 of the act provides what the petition must set forth, and among other essentials is the following: "That the person in possession at the time of such application is the defendant in the execution, as whose property such real estate was sold, or that he came into possession thereof under him as aforesaid."

The petition presented by the plaintiff in this case does not contain any such allegation.

In deciding a case under the landlord and tenant act of 1863, which in purpose and features is analogous to the act of 1871, this court, in the case of Givens v. Miller, 62 Pa. 133, says: "The jurisdiction under the landlord and tenant act is special, and the record of the magistrate must contain every essential

to support his judgment. Nothing can be taken by intendment in such a proceeding which ought to appear."

This statute does not and was not intended to apply to leasehold estates. A leasehold interest in property has never been regarded in law as other than personal property, and never was treated or considered as "real estate."

In the case of Dorsey's Appeal, 72 Pa. 192, this court held that the title of an act relating to the liens of mechanics, materialmen, and laborers upon leasehold estates, etc., could not be held to apply to freehold estates.

PER CURIAM:

This was an attempt by a purchaser at sheriff's sale to obtain possession of lands under the special act of May 13, 1871, applicable to the county of Schuylkill only. The petition of the plaintiff does not aver the facts necessary to bring the case within this act.

The court, then, had no jurisdiction of the case, and it committed no error in refusing to award possession of the premises described in the petition.

Judgment affirmed.